UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EQMD, INC.,

     Plaintiff,

v

FARM BUREAU GENERAL INSURANCE
COMPANY OF MICHIGAN, FARM
BUREAU MUTUAL INSURANCE
COMPANY OF MICHIGAN, LIBERTY
MUTUAL FIRE INSURANCE COMPANY,
LIBERTY MUTUAL GENERAL
INSURANCE COMPANY, LIBERTY
MUTUAL INSURANCE CORPORATION,
SAFECO INSURANCE COMPANY OF
ILLINOIS, STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY,

     Defendants.

_____ /

Civil Case No.: 19-cv-13698

Honorable Laurie J. Michelson

Magistrate Judge R. Steven Whalen


**\*Oral Argument
Requested\***

---

THE MICHIGAN LAW FIRM, PC
Racine M. Miller (P72612)
Donald Teichman (P37817)
Attorneys for Plaintiff
2254 Cole Street, Suite B
Birmingham, MI 48009
(844) 464-3476
racine@themichiganlawfirm.com

PLUNKETT & COONEY
Stephen P. Brown (P4847)
Attorney for Liberty Mutual and Safeco
Insurance
38505 Woodward Avenue, Suite 100
Bloomfield Hills, MI 48304
(248) 901-4000
sbrown@plunkettcooney.com

KITCH DRUTCHAS WAGNER
VALITUTTI & SHERBROOK
Mark M. Sesi (P63105)
Katharine Gostek (P80973)
Attorneys for Defendants Farm Bureau
General Insurance Company of
Michigan and Farm Bureau Mutual
Insurance Company of Michigan
10 South Main Street, Suite 200
Mt. Clemens, MI 48043-7903
(586) 493-4458
mark.sesi@kitch.com
katharine.gostek@kitch.com

RILEY SAFER HOLMES
& CANCILA LLP
Gregory L. Curtner (P12414)
(734) 773-4910
Matthew P. Kennison (P79653)
(734) 773-4911
Attorneys for Defendant State Farm
121 W. Washington Street, Suite 402
Ann Arbor, MI 48104
gcurtner@rshc-law.com
mkennison@rshc-law.com
_____/

**MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6) BY
DEFENDANTS FARM BUREAU GENERAL INSURANCE COMPANY OF
MICHIGAN AND FARM BUREAU MUTUAL INSURANCE COMPANY
OF MICHIGAN, BRIEF IN SUPPORT,
AND CERTIFICATE OF SERVICE**

NOW COMES the defendants, FARM BUREAU GENERAL INSURANCE

COMPANY OF MICHIGAN AND FARM BUREAU MUTUAL INSURANCE

COMPANY OF MICHIGAN, by and through their attorneys, KITCH

DRUTCHAS WAGNER VALITUTTI & SHERBROOK, and for their motion to

dismiss pursuant to Fed. R. Civ. P. 12(b)(6), states the following:

1. Plaintiff, EQMD, Inc. (hereinafter "EQMD"), seeks declaratory

judgment, damages, and injunctive relief against several insurance companies,

alleging various state and federal claims for defendants' allegedly fraudulent

representations to various courts in Michigan regarding EQMD, Inc.'s entitlement

to recover payment for personal injury protection benefits ("PIP benefits") under

the Michigan no-fault act (complaint, ECF No.1).

2

2.     On February 25, 2020, a telephone conference was held with opposing counsel for EQMD pursuant to Local Court Rule 7.1. Counsel for defendants Farm Bureau General Insurance Company of Michigan and Farm Bureau Mutual Insurance Company of Michigan sought concurrence to dismiss any and all claims alleged in the complaint on the basis that EQMD failed to plead facts sufficient to establish the elements of the claims pled, which was denied.

3.     As set forth below, EQMD's claims against defendants Farm Bureau General Insurance Company of Michigan and Farm Bureau Mutual Insurance Company of Michigan should be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6) on grounds that EQMD fails to allege facts sufficient to establish the elements of its claims and/or that this Court should decline to exercise jurisdiction where state issues substantially predominate in this case.

WHEREFORE, defendants Farm Bureau General Insurance Company of

Michigan and Farm Bureau Mutual Insurance Company of Michigan request that this

Honorable Court grant their motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

Respectfully submitted,

KITCH DRUTCHAS WAGNER
VALITUTTI & SHERBROOK

By: _s/ *Katharine Gostek*_____
MARK M. SESI (P63105)
KATHARINE GOSTEK (P80973)
Attorneys for Defendants Farm Bureau
General Insurance Company of Michigan
and Farm Bureau Mutual Insurance
Company of Michigan
10 S. Main St., Ste. 200
Mt. Clemens, MI  48043
(586) 493-4458

Dated: February 25, 2020

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EQMD, INC.,

      Plaintiff,

v

FARM BUREAU GENERAL INSURANCE
COMPANY OF MICHIGAN, FARM
BUREAU MUTUAL INSURANCE
COMPANY OF MICHIGAN, LIBERTY
MUTUAL FIRE INSURANCE COMPANY,
LIBERTY MUTUAL GENERAL
INSURANCE COMPANY, LIBERTY
MUTUAL INSURANCE CORPORATION,
SAFECO INSURANCE COMPANY OF
ILLINOIS, STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY,

      Defendants.

_____/

Civil Case No.: 19-cv-13698

Honorable Laurie J. Michelson

Magistrate Judge R. Steven Whalen

THE MICHIGAN LAW FIRM, PC
Racine M. Miller (P72612)
Donald Teichman (P37817)
Attorneys for Plaintiff
2254 Cole Street, Suite B
Birmingham, MI 48009
(844) 464-3476
racine@themichiganlawfirm.com

PLUNKETT & COONEY
Stephen P. Brown (P4847)
Attorney for Liberty Mutual and Safeco
Insurance
38505 Woodward Avenue, Suite 100
Bloomfield Hills, MI 48304
(248) 901-4000
sbrown@plunkettcooney.com

KITCH DRUTCHAS WAGNER
VALITUTTI & SHERBROOK
Mark M. Sesi (P63105)
Katharine Gostek (P80973)
Attorneys for Defendants Farm Bureau
General Insurance Company of
Michigan and Farm Bureau Mutual
Insurance Company of Michigan
10 South Main Street, Suite 200
Mt. Clemens, MI 48043-7903
(586) 493-4458
mark.sesi@kitch.com
katharine.gostek@kitch.com

_____

RILEY SAFER HOLMES
& CANCILA LLP
Gregory L. Curtner (P12414)
(734) 773-4910
Matthew P. Kennison (P79653)
(734) 773-4911
Attorneys for Defendant State Farm
121 W. Washington Street, Suite 402
Ann Arbor, MI 48104
gcurtner@rshc-law.com
mkennison@rshc-law.com
_____/


**BRIEF IN SUPPORT OF MOTION TO DISMISS PURSUANT TO
FED. R. CIV. P. 12(b)(6) BY DEFENDANTS FARM BUREAU GENERAL
INSURANCE COMPANY OF MICHIGAN AND FARM BUREAU
<u>MUTUAL INSURANCE COMPANY OF MICHIGAN</u>**

## **TABLE OF CONTENTS**

**CONCISE STATEMENT OF THE ISSUES PRESENTED** ............................. iii

**MOST APPROPRIATE AUTHORITY FOR THE RELIEF SOUGHT** ......... iv

**INDEX OF AUTHORITIES** ....................................................................... v

**STATEMENT OF FACTS** ........................................................................ 1

    **Assertions by EQMD regarding EQMD's business** ................................... 1

    **Allegations Regarding Defendants Farm Bureau General Insurance Company Of Michigan And Farm Bureau Mutual Insurance Company Of Michigan** ..................................................................................... 2

    **Claims Against Defendants** ................................................................. 4

**STANDARD OF REVIEW** ....................................................................... 5

**ARGUMENT** .......................................................................................... 5

**I.**    **THIS COURT SHOULD GRANT FARM BUREAU'S MOTION TO DISMISS WHERE THE *NOERR-PENNINGTON* IMMUNITY DOCTRINE BARS EQMD'S CLAIMS.** ................................................ 5

**II.**   **THIS COURT SHOULD GRANT FARM BUREAU'S MOTION TO DISMISS WHERE EQMD FAILED TO PLEAD FACTS SUFFICIENT TO ESTABLISH THE ELEMENTS OF THE CLAIMS PLED.** ...................................................................... 6

    **A.**    **In Order To State A Claim, Plaintiff Must Plead Facts Sufficient To Raise A Right To Relief Beyond Mere Speculation.** .................. 6

    **B.**    **EQMD's RICO Claim Pursuant To 18 U.S.C. § 1961 Et. Seq.** ....... 8

        **1. EQMD failed to allege sufficient facts regarding an "enterprise."** .................................................................. 9

        **2. EQMD failed to sufficiently plead "predicate acts."** ............... 11

        **3. EQMD failed to establish an injury to business or property.** ...13

    **C.**    **EQMD's Conspiracy Claim Under 42 U.S.C. § 1985(3).** ............... 17

**D.**     **EQMD's Claim For "Fraud Upon The Court."**............................19

**E.**     **EQMD's State Claim For Abuse Of Process.**................................20

**F.**     **EQMD's State Claim For Civil Conspiracy.**.................................21

**CONCLUSION**……………………………………………………….. 22

## <u>CONCISE STATEMENT OF THE ISSUES PRESENTED</u>

I.      **WHETHER THIS COURT SHOULD GRANT FARM BUREAU'S MOTION TO DISMISS WHERE THE *NOERR-PENNINGTON* IMMUNITY DOCTRINE BARS EQMD'S CLAIMS?**

II.     **WHETHER THIS COURT SHOULD GRANT FARM BUREAU'S MOTION TO DISMISS WHERE EQMD FAILED TO PLEAD FACTS SUFFICIENT TO ESTABLISH THE ELEMENTS OF THE CLAIMS PLED?**

## <u>MOST APPROPRIATE AUTHORITY FOR THE RELIEF SOUGHT</u>

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009)

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007)

*Griffin v. Breckenridge*, 403 U.S. 88 (1971)

*Jackson v. Sedgwick Claims Mgmt. Servs*., 731 F.3d 556 (6th Cir. 2013)

*Shields v. UNUMProvident Corp*., 415 Fed. Appx. 686 (6th Cir. 2011)

## INDEX OF AUTHORITIES

**Cases**

*Accord Admire v. Auto-Owners Ins Co*
494 Mich. 10 (2013).......................................................................... 16, 17

*Adams v. National Bank*
444 Mich. 329; 508 N.W.2d 464 (1993).....................................................13

*Admiral Insurance Company v. Columbia Casualty Insurance Company*
194 Mich. App. 300; 486 NW2d 351 (1992)...............................................21

*Aetna Cas. & Sur. Co. v. Dow Chem. Co.*
28 F. Supp. 2d 421 (E.D. Mich. 1998)......................................................13

*Ashcroft v. Iqbal*
556 U.S. 662, 129 S. Ct. 1937, 1949 (2009)........................................ 5, 6, 7

*Auto-Owners Ins. Co. v Compass Healthcare PLC*
326 Mich App 595 (2018)......................................................................21

*Bell Atlantic Corp. v. Twombly*
550 U.S. 544, 127 S. Ct. 1955 (2007)................................................ 6, 7, 8

*Bender v. Southland Corp.*
749 F.2d 1205 (6th Cir. 1984) ...............................................................12

*Bonner Estate v Chicago Title Insurance Company*
194 Mich. App. 462; 487 N.W.2d 807 (1992)...........................................20

*Brown v. Cassens Transp. Co.*
546 F.3d 347 (6th Cir. 2008) ................................................................11

*Burford v. Sun Oil Co.*
319 U.S. 315, 63 S. Ct. 1098 (1943)........................................................23

*Coffey v. Foamex L.P.*
2 F.3d 157 (6th Cir. 1993) ...............................................................7, 12

*Coker v. Summit County Sheriff's Dep't*
90 Fed. Appx. 782 (6th Cir. 2003)..................................................... 18, 22

*Dawoud v State Farm Mutual Automobile Ins Co*
317 Mich App 517; 895 NW2d 188 (2016)..................................................... 15, 16

*Doe v. Univ. of Dayton*
766 Fed. Appx. 275 (2019) .....................................................................25

*Doherty v. American Motors Corp.*
728 F.2d 334 (6th Cir. 1984) .................................................................18

*Eaton v. Newport Bd. of Educ.*
975 F.2d 292 (6th Cir. 1992) ...................................................................6

*Elliot Co., Inc. v. Caribbean Utilities Co., Ltd.*
513 F.2d 1176 (6th Cir. 1975) .................................................................5

*Fieger v. Cox*
524 F.3d 770 (6th Cir. 2008) ...............................................................7, 18

*Followell v. Mills*
317 F. App'x 501 n.1 (6th Cir. 2009)........................................................20

*Griffin v. Breckenridge*
403 U.S. 88, 91 S. Ct. 1790 (1971)..........................................................19

*Hartsfield v. Mayer*
76 F.3d 378 (6th Cir. 1996) ....................................................................7

*Jackson v. Sedgwick Claims Mgmt. Servs.*
731 F.3d 556 (6th Cir. 2013) ............................................................. 14, 15

*Jenkins v. McKeithen*
395 U.S. 411, 89 S. Ct. 1843 (1969)...........................................................7

*Kim v. Kimm*
884 F.3d 98 (2d Cir. 2018).....................................................................11

*Kramer v. Bachan Aerospace Corp.*
912 F.2d 151 (6th Cir. 1990) ..................................................................14

*Lee v. Sheet Metal Workers' Nat'l Pension Fund*
697 F. Supp. 2d 781 (E.D. Mich. 2010)......................................................10

*Mable Cleary Trust v. Edward-Mariah Muzyl Trust*
262 Mich. App. 485; 686 N.W.2d 770 (2004)................................................. 21, 22

*McNees v. Cedar Springs Stamping Co.*
219 Mich. App. 217; 555 N.W.2d 481 (1996).........................................................13

*O'Neill v. Grayson County War Memorial Hospital*
472 F.2d 1140 (6th Cir. 1973) ..............................................................................19

*Opdyke Inv. Co. v. City of Detroit*
883 F.2d 1265 (6th Cir. 1989) ................................................................................5

*Pennwalt Corp. v. Zenith Labs., Inc.*
472 F. Supp. 413 (E.D. Mich. 1979)........................................................................6

*Peters v. Fair*
427 F.3d 1035 (6th Cir. 2005) ..............................................................................19

*Sedima, S.P.R.L. v. Imrex Co.*
473 U.S. 479, 105 S. Ct. 3275 (1985)......................................................................8

*Shields v. UNUMProvident Corp.*
415 Fed. Appx. 686 (2011) ...............................................................................9, 10

*Skidmore v. Access Grp., Inc.*
149 F. Supp. 3d 807 (E.D. Mich. 2015)..................................................................25

*Snow Ingredients, Inc. v. SnoWizard, Inc.*
833 F.3d 512 (5th Cir. 2016) ................................................................................11

*Sosa v. DirectTV, Inc.*
437 F.3d 923 (9th Cir. 2006) ..................................................................................6

*TBCI, PC v State Farm Mut Auto Ins Co*
289 Mich App 39; 795 NW2d 229 (2010)..............................................................15

*United Bhd. of Carpenters & Joiners, Local 610 v. Scott*
463 U.S. 825 (1983)..............................................................................................17

*United States v. Chance*
306 F.3d 356 (6th Cir. 2002) .............................................................................9, 10

*United States v. Pendergraft*
297 F.3d 1198 (11th Cir. 2002) ...............................................................11

*Vallance v. Brewbaker*
161 Mich. App. 642; 411 N.W.2d 808 (1987).......................................20

*VIBO Corp. v. Conway*
669 F.3d 675 (6th Cir. 2012) ...............................................................5, 6

*Walker v. Jackson Pub. Schs.*
42 Fed. Appx. 735 (6th Cir. 2002).....................................................9, 11

## Statutes and Other Authorities

18 U.S.C. § 1341 ................................................................................8, 11

18 U.S.C. § 1343 ................................................................................8, 11

18 U.S.C. § 1961 ...................................................................................8

18 U.S.C. § 1961(1) ...............................................................................8

18 U.S.C. § 1961(4) ...............................................................................8

18 U.S.C. § 1961(5) ...............................................................................9

18 U.S.C. § 1962 .................................................................................14

18 U.S.C. § 1962(c) ...........................................................................8, 9

18 U.S.C. § 1964(c) .........................................................................8, 14

42 U.S.C. § 1985 .............................................................................18, 19

42 U.S.C. § 1985(3) .........................................................................17, 19

Fed. R. Civ. P. 8 ...................................................................................7

Fed. R. Civ. P. 9(b) ..........................................................................7, 12

Fed. R. Civ. P. 12(b)(6)......................................................................5, 6

Fed. R. Civ. P. 60(d)(3).........................................................................19

MCL 333.17748 ...................................................................................17

MCL 500.3157(a)................................................................................................17

MCL 500.3107(1)(a)...........................................................................................16

MCR 2.612...........................................................................................................19

MCR 2.613...........................................................................................................20

MRPC 3.3.............................................................................................................19

## STATEMENT OF FACTS

This is an action in which plaintiff EQMD, Inc. (hereinafter "EQMD")

alleges various state and federal claims for defendants' allegedly fraudulent

representations to various courts in Michigan regarding EQMD's entitlement to

recover payment for personal injury protection benefits (PIP benefits) under the

Michigan no-fault act (complaint, ECF No.1).

### Assertions by EQMD regarding EQMD's business

According to EQMD, EQMD is a "pharmacy management company" that

"works with dispensing practitioners in multiple states" (*Id*., p 5).[1] EQMD alleges

that it sets up and maintains software to facilitate in-office dispensing systems

from a pharmacy, provides technical support and training for the software, and

performs billing and collection services related to dispensed medications (*Id*., pp 5-

6).  EQMD alleges that it does not handle drugs in any way (*Id*., p 6).

According to the president of EQMD, Gregory May, the only money EQMD

makes from its services is by charging physicians a "monthly flat fee" for use of

EQMD's software and EQMD does not "charge any other people" any form of fee[2]

(7/10/18 May dep, pp 15, 18, attached as Exhibit 9 to complaint, ECF No. 1-9, pp

386, 389).  According to Mr. May, if EQMD were to collect money in a PIP case,

---

[1] References to page numbers correspond to the PageID of the electronic record.
[2] Pursuant to Fed. R. Civ. P. 10(c), Farm Bureau refers to exhibits referenced and attached to EQMD's complaint.

all that money would then be given to the dispensing physician (*Id*., p 395-396).

Mr. May stated that, the dispensing physician pays for the medications, but that

EQMD does not know how payment is made to the pharmaceutical distributor (*Id*.,

p 401; 11/4/19 May dep, pp 47-49, 55, attached as Exhibit 14 to complaint, ECF

No. 1-14, pp 565-567, 573).  Despite not paying for the medications, EQMD is

seeking money for the medications purportedly ordered and paid for by physicians

(outstanding bills, attached to complaint as Exhibit 15, ECF No. 1-15).

In all three depositions of Mr. May attached to EQMD's complaint, Mr. May

testified that there was no written contract and/or agreement between EQMD and

the physician group/healthcare provider (4/18/17 May dep, attached as Exhibit 13

to the complaint, ECF No. 1-13, p 509; 11/4/19 May dep, pp 544, 548, 574;

7/10/18 dep, p 381). According to Mr. May, EQMD's software and services may

only be used by physician groups/healthcare providers for patients involved in

personal injury accidents, worker's compensation, and automobile accidents

(4/18/17 May deposition, pp 508-507).

**Allegations Regarding Defendants Farm Bureau General Insurance Company Of Michigan And Farm Bureau Mutual Insurance Company Of Michigan**

EQMD claims it has an interest in no-fault benefits with respect to two PIP

cases in which Farm Bureau General Insurance Company of Michigan and/or Farm

Bureau Mutual Insurance Company of Michigan (hereinafter "Farm Bureau") are

party to: (1) "Claudette Brown, 3rd Circuit, 17-016273-NF," and (2) "Claudette

Brown, 46th District, GC-18-3439 (6th Cir. App. No. 19-177358-AV)" (*Id*., p 2).

EQMD alleges Farm Bureau General Insurance Company of Michigan and Farm Bureau Mutual Insurance Company of Michigan (hereinafter "Farm Bureau") learned that EQMD only provides software and collection services for medications prescribed by licensed physicians and is not involved in the selling or distributing of drugs during the deposition of Mr. May on April 18, 2017, in an action in which Farm Bureau was a party (complaint, p 11). EQMD further alleges that, despite this knowledge, counsel for Farm Bureau filed a complaint with the Michigan Department of Licensing and Regulatory Affairs ("LARA"), claiming that EQMD was acting as a pharmacy, manufacturer, and/or wholesale distributor without a license in violation of the Michigan Public Health Code (*Id*., pp 11-12).

EQMD asserts that, on February 21, 2019, LARA determined that "[a] violation of the Public Health Code could not be established," and therefore, "disciplinary proceedings will not go forward" (*Id*., p 12; LARA determination, attached as Exhibit 3 to complaint, ECF No. 1-3, p 158). EQMD alleges that despite being in "possession" of the LARA determination and Mr. May's deposition transcript from a prior case, Farm Bureau, acted with "malice" and/or with "reckless disregard" by filling "subsequent motions for summary disposition regarding EQMD bills making false and improperly [sic] allegations"[3] (complaint,

---

[3] To the extent that EQMD references the order dismissing EQMD's bills in *Al-Abdullah* (Exhibit 4 to the complaint), Farm Bureau was not a party to that action.

pp 12-13). Specifically, EQMD alleges that in *Brown v Farm Bureau*, Wayne

County Circuit Court Case No. 17-016273-NF (the insured's PIP action), and

*EQMD v Farm Bureau*, 46th District Court, Case No. GC183439 (EQMD's

derivative action), Farm Bureau continued to argue that EQMD is not entitled to

recover PIP benefits despite having "actual knowledge that EQMD is not required

to be licensed under the Michigan Public Health Code" (*Id*., p 14-16). [4]

EQMD also alleges that "[e]ach Defendant has worked together directly,

indirectly, and/or through their employees, agents, and/or counsel, to coordinate

and/or share known misinformation and stock legal briefs that are intended to

wrongfully and surreptitiously deny payments to EQMD and/or strike EQMD's

bills from Michigan No-Fault actions in Michigan trial courts" based upon the

"strikingly similar argumentation, language, typography, and/or appearance of

legal briefs and of denial language" (*Id*., p 16).

**Claims Against Defendants**

EQMD seeks declaratory relief pursuant to 28 USC § 2201 declaring that

EQMD "has no licensing obligations under the Michigan Public Health Code," and

that "EQMD has legal standing as it claims an interest in the No-Fault benefits that

---

[4] EQMD cites Farm Bureau's response to EQMD's motion to reinstate in the
*Brown v. Farm Bureau* Wayne County action (Exhibit 2 to the complaint) in
support of its allegations. That response did not provide that EQMD required a
license under the Public Health Code and the response establishes that summary
disposition was granted in both cases <u>months before</u> the LARA determination.

are at issue" (*Id.*, pp 2, 30-31). EQMD also seeks injunctive relief and "actual, economic and exemplary damages" for past outstanding bills "exceeding $75,000.00" for various state and federal claims (pp 29-32, 34-35, 38). EQMD alleges: (1) a claim for violation of 18 U.S.C. § 1862(c) of the Racketeer Influenced and Corrupt Organizations ("RICO") Act, (2) a conspiracy claim under 42 U.S.C. § 1985(3), (3) a claim for "fraud upon the court," (4) an abuse of process claim, and (5) a claim for general civil conspiracy (*Id.*, pp 27-30, 33-37).

## STANDARD OF REVIEW

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the sufficiency of the allegations of the complaint. *Elliot Co., Inc. v. Caribbean Utilities Co., Ltd.*, 513 F.2d 1176 (6th Cir. 1975).  The relevant question is "whether, assuming the factual allegations are true, the plaintiff has stated a ground for relief that is plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 696, 129 S. Ct. 1937 (2009).

## ARGUMENT

**I.    THIS COURT SHOULD GRANT FARM BUREAU'S MOTION TO DISMISS WHERE THE *NOERR-PENNINGTON* IMMUNITY DOCTRINE BARS EQMD'S CLAIMS.**

The *Noerr-Pennington* doctrine protects persons from liability in their efforts to enforce their First Amendment rights, in part, to petition the courts for judicial relief. *Opdyke Inv. Co. v. City of Detroit*, 883 F.2d 1265 (6th Cir. 1989). "*Noerr-Pennington* immunity protects private actors when they file court documents and enter contracts with the government." *VIBO Corp. v. Conway*, 669

F.3d 675, 684 (6th Cir. 2012) (quotations and citations omitted). The *Noerr-Pennington* doctrine applies to various causes of actions, including RICO claims, conspiracy claims, and abuse of process claims.  See e.g. *Sosa v. DirectV, Inc*., 437 F.3d 923, 935 (9th Cir. 2006); *Eaton v. Newport Bd. of Educ*., 975 F.2d 292, 298 (6th Cir. 1992); *Pennwalt Corp. v. Zenith Labs., Inc.*, 472 F. Supp. 413, 424 (E.D. Mich. 1979). EQMD's claims are premised on alleged misrepresentations made in briefs filed in state court on behalf of defendants (complaint, pp 12-13, 25-26). Accordingly, the *Noerr-Pennington* bars EQMD's claims.

## II.   THIS COURT SHOULD GRANT FARM BUREAU'S MOTION TO DISMISS WHERE EQMD FAILED TO PLEAD FACTS SUFFICIENT TO ESTABLISH THE ELEMENTS OF THE CLAIMS PLED.

EQMD's allegations against Farm Bureau are insufficient to state a claim.

### A.  In Order To State A Claim, Plaintiff Must Plead Facts Sufficient To Raise A Right To Relief Beyond Mere Speculation.

When ruling on a motion to dismiss pursuant to 12(b)(6) of the Federal Rules of Civil Procedure, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009).  Although a heightened fact pleading of specifics is not required, claims are capable of surviving a Rule 12(b)(6) motion only if the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 555, 127 S. Ct. 1955 (2007).  The complaint must set forth enough

information to outline the elements of a claim or to permit inferences to be drawn that these elements exist.  Fed. R. Civ. P. 8; *Jenkins v. McKeithen*, 395 U.S. 411, 89 S. Ct. 1843 (1969).  As emphasized by the Supreme Court in *Iqbal*, a complaint must contain sufficient factual matter that, when accepted as true, states a claim that is "plausible" on its face. *Iqbal*, 129 S. Ct. at 1950.

"A pleading that offers labels and conclusions 'or a formulaic recitation of the elements of a cause of action will not do.'"  *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555).  Moreover, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

Under Fed. R. Civ. P.  9(b), "[i]n alleging fraud or mistake a party must state with particularity the circumstances constituting fraud or mistake." To satisfy the rule, the plaintiff must "'allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of [the other party]; and the injury resulting from the fraud.'" *Coffey v. Foamex L.P.*, 2 F.3d 157, 161-62 (6th Cir. 1993).

Moreover, "[I]t is 'well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim.'" *Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008). "[V]ague allegations of a wide-ranging conspiracy are wholly conclusory and are, therefore, insufficient to state a claim or withstand a motion for summary judgment." *Hartsfield v. Mayer*, 76 F.3d 378 (6th Cir. 1996)

(citations omitted).  See also *Twombly*, 550 U.S. at 565 (allegations of fact must support a "plausible suggestion of conspiracy," not merely a "possible" one).

### B. EQMD's RICO Claim Pursuant To 18 U.S.C. § 1961 Et. Seq.

18 U.S.C. § 1964(c) provides that "[a]ny person injured in his business or property by reason of a violation of section 1962" has a civil cause of action.

18 U.S.C. § 1962(c) provides:

(c)   It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

A violation of 18 U.S.C § 1962(c) therefore requires: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. The plaintiff must, of course, allege each of these elements to state a claim." *Sedima, S.P.R.L. v. Imrex Co*., 473 U.S. 479, 495-96, 105 S. Ct. 3275 (1985) (footnote omitted). RICO defines an "enterprise" as "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4).  RICO defines "racketeering activity," in relevant terms, as "any act which is indictable" under various provisions of title 18 of the United States Code, including, but not limited to, "section 1341 (relating to mail fraud) [and] section 1343 (relating to wire fraud)." *Id.* § 1961(1).  RICO further defines "pattern of racketeering activity" as "require[ing] at least two acts of racketeering activity, one of which occurred after the effective date of this

chapter and the last of which occurred within ten years ( . . . ) after the commission

of a prior act of racketeering activity." *Id.* § 1961(5).

### 1. EQMD failed to allege sufficient facts regarding an "enterprise."

To make out a claim under section 1962(c), the plaintiff must plead and

prove that "the 'enterprise' is the instrument through which illegal activity is

conducted." *United States v. Chance*, 306 F.3d 356, 371-72 (6th Cir. 2002). To

meet that requirement, the plaintiff must establish: "1) an ongoing organization

with some sort of framework or superstructure for making and carrying out

decisions; 2) that the members of the enterprise functioned as a continuing unit

with established duties; and 3) that the enterprise was separate and distinct from

the pattern of racketeering activity in which it engaged. *Id.* at 372. A plaintiff must

allege "evidence of some sort of 'chain of command' or other evidence of a

hierarchy, even a highly limited one" to establish an "enterprise." *Walker v.*

*Jackson Pub. Schs.*, 42 Fed. Appx. 735, 737 (6th Cir. 2002) (citations omitted).

In *Shields v. UNUMProvident Corp.*, 415 Fed. Appx. 686, 691 (6th Cir.

2011), the plaintiffs alleged RICO violations based upon the defendants' denial of

the plaintiffs' benefits under ERISA. The complaint identified defendant Unum,

the insurer and administrator, as the "person," and alleged the "enterprise" as

consisting of "[Unum's] various subsidiaries, affiliates, wholly owned companies,

customers, policy holders, claimants, independent contractors, and governmental

and nongovernmental regulators." *Id.* at 691. The Sixth Circuit held that the

plaintiffs "fail[ed] to adequately plead the existence of an 'association in fact' RICO enterprise." *Id.* The Court held that where the "the complaint essentially lists a string of entities allegedly comprising the enterprise," the complaint "is devoid of facts suggesting that the behavior of the listed entities is 'coordinated in such a way that they function as a continuing unit.'" *Id.* (internal citations omitted).

As in *Shields*, EQMD fails to allege facts sufficient to establish an "enterprise." EQMD merely alleges that each named defendant is a "person," and the alleged "enterprise" is a string of entities comprised of the named defendants and non-party law firms as an "association-in-fact" enterprise (complaint, p 27). The complaint lacks any facts establishing an ongoing organization with any type of framework, structure, or chain of command. The only "connection" between the members of the "enterprise" alleged in the complaint is the alleged "sharing" of "misinformation" and "stock legal briefs" by the defendants based upon the "strikingly similar argumentation, language, typography, and/or appearance of legal briefs and of denial language" (*Id.*, p 16). EQMD also fails to allege any facts to show that the members of the alleged "enterprise" functioned as a continuing unit and established duties. EQMD's allegations that defendants shared litigation briefs, which are public record, fails to establish that the alleged "enterprise" was "separate and distinct from the pattern of racketeering activity in which it engaged." *Chance*, 306 F.3d at 371-72. See also *Lee v. Sheet Metal Workers' Nat'l Pension Fund*, 697 F. Supp. 2d 781, 788 (E.D. Mich. 2010).

Therefore, where EQMD failed asserted nothing more than a bare assertion that an enterprise existed among defendants, EQMD's claim should be dismissed. *Walker* (dismissing RICO claim where plaintiff merely asserted that an enterprise existed).

### 2.  EQMD failed to sufficiently plead "predicate acts."

In pleading a pattern of racketeering activity, at least two predicate acts of racketeering are necessary (although not necessarily sufficient). *Brown v. Cassens Transp. Co*., 546 F.3d 347, 354 (6th Cir. 2008). EQMD's allegations that "filing litigation documents containing material representations known by Defendants to be false" (complaint, p 28), cannot, as a matter of law, constitute predicate acts of mail fraud (18 U.S.C. § 1341) and wire fraud (18 U.S.C. § 1343).

In *Kim v. Kimm*, 884 F.3d 98, 101 (2d Cir. 2018), the plaintiff alleged that the defendants filed "false legal documents [which] were intended to mislead the district court and therefore were predicate acts of obstruction of justice, mail fraud, and wire fraud." *Id*. at 101. The Second Circuit Court of Appeals disagreed and held that "such litigation activity cannot act as a predicate offense for a civil-RICO claim." *Id*. at 104 (internal quotations omitted). See also *Snow Ingredients, Inc. v. SnoWizard, Inc*., 833 F.3d 512, 525 (5th Cir. 2016) ("[P]rosecuting litigation activities as federal crimes would undermine the policies of access and finality that animate our legal system.").  Therefore, where EQMD's RICO claim is based entirely on the filing motions and briefs in court proceedings, EQMD's claims must fail as a matter of law.

11

Even if filing court documents could constitute "predicate acts" under RICO (which is denied), EQMD's claim should be dismissed on the alternative ground that EQMD failed to allege facts sufficient to plead predicate acts of racketeering. When the predicate acts are based on fraud, such as mail fraud and/or wire fraud, Fed. R. Civ. P. 9(b)'s heightened pleading requirement applies. As set forth above, to satisfy rule 9(b), the plaintiff must "'allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of [the other party]; and the injury resulting from the fraud.'" *Coffey,* 2 F.3d at 161-62; *Bender v. Southland Corp.*, 749 F.2d 1205, 1216 (6th Cir. 1984) (holding that, as to each predicate act, the plaintiff must allege "the time, place and contents of the misrepresentation(s)").

EQMD alleges generally that the "predicate acts" of "filing litigation documents containing material representations known by Defendants to be false, and made with the intent that the Courts should rely upon such misrepresentations" constitute "mail fraud" and "wire fraud" (complaint, p 28). EQMD, however, fails to allege the time, and place in which defendants committed mail fraud and/or wire fraud. EQMD's general allegations that defendants filed documents containing "misrepresentations" with various state courts within the last few years is insufficient to plead a claim for RICO. *Bender, supra.*

Moreover, EQMD failed to allege any facts beyond mere conclusory statements that defendants "devised a scheme to defraud" and "acted with intent to

defraud" (complaint, p 28). EQMD alleges that despite Farm Bureau being in "possession" of the LARA determination and Mr. May's deposition transcript from a prior case, Farm Bureau, acted with "malice" by filing "subsequent motions for summary disposition regarding EQMD bills making false and improperly [sic] allegations (*Id*., pp 12-13). EQMD, however, did not allege that the claims representative for Farm Bureau in the action in which Mr. May's deposition was taken was the same claims representative in other, subsequent actions, and thus knowingly made false representations to the court in the other actions. Nor did EQMD allege that other Farm Bureau claims representatives had knowledge of the contents of Mr. May's deposition. It is well established that the alleged knowledge of one employee does not establish intent upon the company. See *McNees v. Cedar Springs Stamping Co*., 219 Mich. App. 217; 555 N.W.2d 481 (1996) ("An intent to commit tortious acts cannot be imputed to a corporation on the basis of disconnected facts known by various employees, where there is no evidence that any employee possessed the requisite state of mind."). See also *Adams v. National Bank*, 444 Mich. 329, 368; 508 N.W.2d 464 (1993); *Aetna Cas. & Sur. Co. v. Dow Chem. Co*., 28 F. Supp. 2d 421, 438 (E.D. Mich. 1998). As such, where EQMD failed to allege any facts regarding an intent to defraud by Farm Bureau, this Court should dismiss EQMD's RICO claim.

### 4. EQMD failed to establish an injury to business or property.

A plaintiff may assert a RICO claim only if he/she can identify an injury to

his/her "business or property by reason of a violation of section 1962." 18 U.S.C. §

1964(c). A RICO plaintiff must establish a nexus between its injury and the

predicate act. *Kramer v. Bachan Aerospace Corp*., 912 F.2d 151, 154 (6th Cir.

1990). EQMD failed to identify an injury to its business or property caused by the

alleged violation of § 1962.

In *Jackson v. Sedgwick Claims Mgmt. Servs*., 731 F.3d 556 (6th Cir. 2013),

the Sixth Circuit Court of Appeals dismissed the plaintiffs' RICO action based on

the defendants' allegedly fraudulent denial of their workers' compensation claims,

holding that the loss or diminution of the statutory benefits the plaintiffs expected

to receive under the workers' compensation scheme did not constitute injury to

"business or property" as required to state a civil RICO damages claim. *Id.* at 562.

The Court reasoned that the phrase "business or property" excludes personal

injuries, which includes pecuniary losses therefrom. *Id.* at 566. The *Jackson* Court

held that "Michigan's decision to create a workers' compensation system does not

transform a disappointing outcome in personal injury litigation into damages that

can support a RICO civil action, even if Michigan law characterizes the benefits

awarded under this system as a legal entitlement. Accordingly, racketeering

activity leading to a loss or diminution of benefits the plaintiff expects to receive

under a workers' compensation scheme does not constitute an injury to 'business or

property' under RICO. *Id.*

EQMD alleges that it suffered "economic" harm as a result of state courts dismissing claims for payment of EQMD bills in no-fault actions. Similar to *Jackson*, EQMD's alleged injury arises out of an injured person's claim for no-fault PIP benefits.  Although EQMD has not suffered a "personal injury," EQMD's causes of action are derivative of an injured insurer's personal injury, making EQMD a "privy" of the injured person. *TBCI, PC v. State Farm Mut Auto Ins Co*, 289 Mich. App. 39, 43-44; 795 N.W.2d 229 (2010) (holding that a provider is a "privy" of the insured); *Dawoud v State Farm Mut Auto Ins Co*, 317 Mich. App. 517; 895 N.W.2d 188 (2016) (holding that a provider's claim for reimbursement of medical services provided to an injured person is dependent on the injured person having a valid cause of action against the no-fault insurer). As such, EQMD's injury is a pecuniary loss stemming from the underlying insured's personal injury. Accordingly, the alleged racketeering activity leading to a loss of benefits EQMD expects to receive under the no-fault scheme does not constitute an injury to "business or property" under RICO. *Jackson, supra*, at 566.

Even if monetary damages related to a failure to pay PIP benefits under the no-fault act was an injury to "business or property" (which is denied), EQMD has not suffered an injury to business or property. EQMD alleges that it suffered "economic" harm as a result of state courts dismissing claims for payment of EQMD bills under the no-fault act and attached "outstanding balances owed by Defendants" for medications as evidence of its injury (complaint, p 38; outstanding

balances, ECF No. 1-15, pp 627-708).  As set forth above by, Mr. May, the

president of EQMD, however, the "outstanding balances" are merely payments

EQMD collects on behalf of, and for, dispensing physicians, <u>not</u> payments EQMD

is entitled to keep (7/10/18 May dep, pp 386, 389, 395-396; 11/4/19 May dep, pp

565-567, 573). Therefore, EQMD has not suffered a pecuniary loss.

EQMD also failed to allege an injury to business or property where EQMD

has a cause of action against the patients for the cost of their medication. *Dawoud*,

317 Mich. App. at 524, n 4 (holding that where the provider's derivative claim for

PIP benefits is barred, the "providers' remedy is to recover the costs of the . . .

services from [the insured] plaintiffs").

Moreover, EQMD's own admissions in its complaint provide no legal basis

for recovery of no-fault benefits in the first place.  Assuming, for the sake of

argument, that EQMD's other allegations are correct (that it does not require

licensure in Michigan and that the Michigan Courts are incorrectly deciding the

issue of licensure), EQMD still may not maintain this cause of action as it has no

right to recovery under the no-fault act because EQMD admittedly does not

provide a "reasonably necessary product[], service[ or] accommodation[] for an

injured person's care, recovery, or rehabilitation."  MICH. COM. LAWS §

500.3107(1)(a).  In fact, by its own admissions, the only services EQMD provides

are for the benefit and convenience of a physician and has nothing to do with

patients (complaint at pp. 2, 5-6). Recovery of no fault benefits is predicated on the

provision of products or services "for" the injured party.  *Accord Admire v. Auto-Owners Ins Co*, 494 Mich. 10 (2013). Therefore, EQMD is either providing pharmaceuticals to the patients without a license in contravention of MCL 500.3157(a) (barring recovery of illegally provided services) and MCL 333.17748 (requiring licensure for pharmacy, manufacture or wholesale distribution), or not providing a reasonable and necessary service to the patient, and therefore not entitled to no-fault benefits under the no-fault act.[5]

### C.   EQMD's Conspiracy Claim Under 42 U.S.C. § 1985(3).

Section 1985(3) creates a cause of action against those who conspire to deprive a person of Fourteenth Amendment rights. To succeed on a claim under § 1985(3), plaintiff must allege and prove the following elements: "(1) a conspiracy, (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, (3) an act in furtherance of the conspiracy, [and] (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States."  *United Bhd. of Carpenters & Joiners, Local 610 v. Scott*, 463 U.S. 825 (1983).  To sufficiently plead conspiracy, "[a] plaintiff must make sufficient factual allegations to link two alleged conspirators in

---

[5] Because EQMD is not entitled to no-fault benefits under the no-fault act regardless of whether EQMD requires a license under the Public Health Code, all of EQMD's claims should be dismissed, as EQMD has no injury.

the conspiracy and to establish the requisite 'meeting of the minds' essential to the existence of the conspiracy" *Coker v. Summit County Sheriff's Dep't*, 90 Fed. Appx. 782, 789 (6th Cir. 2003).

Here, plaintiff failed to allege sufficient facts to establish a "conspiracy." As set forth above, "vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim" under § 1985. *Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008). Plaintiff's allegations that "[e]ach Defendant has worked together directly, indirectly, and/or through their employees, agents, and/or counsel, to coordinate and/or share known misinformation and stock legal briefs that are intended to wrongfully and surreptitiously deny payments to EQMD and/or strike EQMD's bills from Michigan No-Fault actions in Michigan trial courts" are wholly conclusory and insufficient to state a claim (complaint, p 16). Plaintiff has failed to allege any facts showing an "agreement" or a "meeting of the minds" between Farm Bureau and at least one other person to have EQMD's bills "frivolously" dismissed in state courts. *Coker, supra.*[6] EQMD did not allege any facts that Farm Bureau conspired and/or discussed the allegedly fraudulent basis for dismissal with any other alleged co-conspirators. As such, there are no facts to support that the defendants had a "meeting of the minds."

---

[6] For purposes of a § 1985 claim, the general rule that corporation cannot conspire with its agents or employees applies to corporation's outside counsel. *Doherty v. American Motors Corp.*, 728 F.2d 334 (6th Cir. 1984).

Moreover, a plaintiff must allege in a § 1985 claim that there was "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971). See also *Peters v. Fair*, 427 F.3d 1035 (6th Cir. 2005) (holding that where the plaintiffs had alleged no facts that suggested the defendants acted with any class-based animus, plaintiffs' 42 USC § 1985(3) claim properly was dismissed). Dismissal of a § 1985 claim is proper where plaintiff fails to allege class-based discriminatory animus. *O'Neill v. Grayson C'nty War Mem'l Hosp'l*, 472 F.2d 1140 (6th Cir. 1973).

Plaintiff's complaint fails to state a claim for conspiracy under § 1985 because he fails to allege that he was a member of a protected class or that the alleged conspiracy was motivated by racial or other class-based "invidiously discriminatory animus." Rather, plaintiff merely asserted that defendants' alleged animus was directed at EQMD personally and not at a class of persons.

### D.   EQMD's Claim For "Fraud Upon The Court."

Plaintiff alleges a claim for "fraud upon the court," claiming that defendants breached its duty of candor to the tribunal, pursuant to MRPC 3.3, by intentionally and/or recklessly presenting various state courts with "false" facts (complaint, pp 32-34).  "Fraud upon the court" is not a legally cognizable claim for damages in Michigan or federal common law.  Rather, "fraud upon the court" is merely a basis for relief from judgment under MCR 2.612 and/or Fed. R. Civ. P. 60(d)(3).  Under Michigan and federal law, relief from a final judgment or order must be sought

19

from the court that entered the order and where the alleged fraud occurred. MCR

2.613 ("A judgment or order may be set aside or vacated . . . only by the judge who

entered the judgment or order, unless that judge is absent or unable to act.");

*Followell v. Mills*, 317 F. App'x 501, 505 n.1 (6th Cir. 2009) (holding that the party

seeking relief "would be expected to seek this fraud-on-the-court relief first in

the…court, where the alleged fraud first took place.").  Therefore, EQMD's "fraud

upon the court" claim should be dismissed.

### E.    EQMD's State Claim For Abuse Of Process.

Likewise, EQMD has failed to state a claim for "abusive," or abuse of,

process.  To recover for the tort of abuse of process, a plaintiff must plead and

prove: (1) an ulterior purpose; and (2) an act in the use of process which is

improper in the regular prosecution of the proceedings.  *Bonner Estate v Chicago

Title Insurance Company*, 194 Mich. App. 462; 487 N.W.2d 807 (1992). "A

meritorious claim of abuse of process contemplates a situation where the defendant

has availed himself of a proper legal procedure for a purpose collateral to the

intended use of that procedure." *Vallance v. Brewbaker*, 161 Mich. App. 642, 646;

411 N.W.2d 808 (1987) (holding that "[t]here is no hint of any purpose other than

the need for discovery underlying defendants' efforts to obtain the ex parte order"

where "the discovery of medical evidence in an action for personal injuries is

entirely consistent with the purposes furthered by the Michigan Court Rules").

There must be some "corroborating act" that demonstrates the ulterior purpose, and a bad motive alone will not establish an abuse of process. *Bonner Estate* at 472.

Here, EQMD failed to allege any "corroborating act" that demonstrates an "ulterior purpose." Farm Bureau merely filed motions for summary disposition to dismiss claims for EQMD's bills, which is the purpose of motions for summary disposition – to dismiss claims. Moreover, the no-fault act provides that an insurer is legally permitted/required to challenge the reasonableness of bills submitted by health care providers under the no-fault act. See e.g. *Auto-Owners Ins. Co. v Compass Healthcare PLC,* 326 Mich. App. 595, 609-610 (2018) (holding that no-fault insurers are *required* to challenge the reasonableness of a medical provider's charges and that medical providers should expect no less").

### F.    EQMD's State Claim For Civil Conspiracy.

EQMD's civil conspiracy claim should be dismissed where EQMD failed to plead a cognizable underlying tort or facts sufficient to establish an "agreement."

A civil conspiracy is a combination of two or more persons, by some concerted action, to accomplish a criminal or unlawful purpose, or to accomplish a lawful purpose by criminal or unlawful means. *Admiral Insurance Company v. Columbia Casualty Insurance Company*, 194 Mich. App. 300; 486 NW2d 351 (1992). "A claim of civil conspiracy must be based on an underlying actionable tort." *Mable Cleary Trust v. Edward-Mariah Muzyl Trust*, 262 Mich. App. 485,

507; 686 N.W.2d 770 (2004).  Where the plaintiff fails to plead the elements of

any tortious action, a claim of conspiracy must fail. *Id.*

Here, EQMD alleges that "fraud upon the court" is an actionable tort.  For

the reasons, set forth above, "fraud upon the court" is not a cognizable claim or tort

in Michigan or federal law, and therefore, EQMD's claim of conspiracy must be

dismissed.  *Mable Cleary Trust, supra.* Even if "fraud upon the court" was an

actionable tort and/or to the extent EQMD alleges conspiracy to commit fraud,

EQMD failed to allege facts regarding a conspiracy to accomplish a criminal or

unlawful purpose, or to accomplish a lawful purpose by criminal or unlawful

means.  Here, defendant's alleged "purpose" is to dismiss EQMD's bills under the

no-fault act, which is not a "criminal" or "unlawful purpose." Nor is defendants'

alleged "means" -- sharing filed litigation briefs, which are public record -- a

"criminal" or "unlawful mean." Moreover, EQMD's claim should be dismissed

where, as set forth in argument II. C., EQMD failed to allege facts showing an

"agreement" or a "meeting of the minds" between Farm Bureau and at least one

other person to have EQMD's bills frivolously dismissed in state courts. *Coker.*

## CONCLUSION

Where EQMD failed to sufficiently plead its claims, dismissal is proper.

Moreover, this Court should not decide EQMD's request for declaratory and/or

injunctive relief where EQMD's subject-matter jurisdiction is based on federal

question (no diversity jurisdiction exists because EQMD and State Farm are both

Illinois companies, complaint, pp 9-10), and as set forth above, EQMD failed to sufficiently plead federal claims. *Doe v. Univ. of Dayton*, 766 Fed. Appx. 275 (2019); *Skidmore v. Access Grp., Inc*., 149 F. Supp. 3d 807 (E.D. Mich. 2015).

WHEREFORE, the Farm Bureau defendants request that this Honorable Court grant their motion to dismiss.

Respectfully submitted,

By:  s/ *Katharine Gostek*
MARK M. SESI (P63105)
KATHARINE GOSTEK (P80973)
Attorneys for Farm Bureau Defendants
10 S. Main St., Ste. 200
Mt. Clemens, MI  48043
(586) 493-4458
mark.sesi@kitch.com
katharine.gostek@kitch.com

Dated: February 25, 2020

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 25, 2020, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Racine M. Miller, Donald Teichman, Stephen P. Brown, Gregory L. Curtner and Matthew P. Kennison, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participant(s):

s/*Katharine Gostek*
KATHARINE GOSTEK P80973
KITCH DRUTCHAS WAGNER
VALITUTTI & SHERBROOK
Attorneys for Farm Bureau Defendants
10 South Main Street, Suite 200
Mt. Clemens, MI 48043-7903
(586) 493-4458
mark.sesi@kitch.com
katharine.gostek@kitch.com

24