IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EQMD, INC.,

        Plaintiff,

v.

FARM BUREAU GENERAL INSURANCE
COMPANY OF MICHIGAN, FARM BUREAU
MUTUAL INSURANCE COMPANY OF
MICHIGAN, LIBERTY MUTUAL FIRE INSURANCE
COMPANY, LIBERTY MUTUAL GENERAL
INSURANCE COMPANY, LIBERTY MUTUAL
INSURANCE CORPORATION, SAFECO
INSURANCE COMPANY OF ILLINOIS,
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

        Defendants,

Case No. 4:19-cv-13698-SDD-RSW
Judge Stephanie Dawkins Davis
Mag. Judge R. Steven Whalen

**ORAL ARGUMENT REQUESTED**

_____

**DEFENDANTS LIBERTY MUTUAL FIRE INSURANCE COMPANY, LIBERTY MUTUAL GENERAL INSURANCE COMPANY, LIBERTY MUTUAL INSURANCE CORPORATION, AND SAFECO INSURANCE COMPANY OF ILLINOIS' MOTION TO DISMISS BASED ON ITS JOINDER IN CO-DEFENDANT STATE FARM'S MOTION TO DISMISS PURSUANT TO <u>FED. R. CIV. P. 12(b)(1) and 12(b)(6) (ECF NO. 22)</u>**

Defendants Liberty Mutual Fire Insurance Company, Liberty Mutual General Insurance Company, Liberty Mutual Insurance Corporation, and Safeco Insurance Company of Illinois (collectively, "Liberty Mutual

1

Defendants"), by and through its undersigned counsel, submits this Motion to Dismiss Plaintiff EQMD, Inc.'s ("EQMD") Complaint for Declaratory and Other Relief ("Complaint"), pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), based upon its Joinder in Co-Defendant State Farm Mutual Automobile Insurance Company's Motion to Dismiss EQMD's Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) (ECF No. 22 ).

In support of its Motion to Dismiss, the Liberty Mutual Defendants state as follows:

1. This is a civil action brought by EQMD setting forth various specious federal and state claims and theories of recovery based upon the Liberty Mutual Defendants' and co-defendants, Farm Bureau General Insurance Company of Michigan, Farm Bureau Mutual Insurance Company of Michigan, and State Farm Mutual Automobile Insurance Company purportedly fraudulent misrepresentations to various Michigan state court tribunals regarding EQMD's interest in and/or right to recover payment for personal protection injury benefits (PIP benefits) under the Michigan No-Fault Act. (EQMD Complaint as ECF No. 1).

2. There is no legal basis to support each of the claims set forth in EQMD's Complaint as each of those claims, Counts I – VII, are barred by *Noerr-Pennington* immunity because all of the conduct forming the basis of each of

EQMD's claims is core petitioning of the government which is protected by the First Amendment.

3. Even if Plaintiff EQMD's claims are not dismissed under *Noerr-Pennington* immunity, each of EQMD's claims, Counts I – VII, are nonetheless subject to dismissal for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6) and/or lack of subject-matter jurisdiction under Rule 12(b)(1).

4. The Liberty Mutual Defendants join in, adopt and incorporate the legal arguments (and supporting authority) set forth in the State Farm's Motion to Dismiss EQMD's Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) (ECF No. 22, PageID. 766-772) and Brief in Support (ECF No. 22, PageID. 774-808).

5. Pursuant to E.D. Mich. LR 7.1(a)(1) and (2), on February 25, 2020, undersigned counsel for the Liberty Mutual Defendants exchanged detailed e-mail correspondence with Plaintiff EQMD's counsel explaining the legal theories, grounds, basis and scope of the requested dismissal relief sought by this Motion. EQMD's counsel rejected undersigned counsel's explanation of the legal theories, grounds, basis and scope of the requested dismissal relief sought by this Motion and concurrence in the requested relief therefore was

not obtained thereby necessitating the filing of this Motion.  (*See,* February 25, 2020 e-mail correspondence as **Exhibit A**).

WHEREFORE, the Liberty Mutual Defendants respectfully request that this Court enter an Order as follows:

    a.    Dismiss Plaintiff EQMD's Complaint as there is no legal basis to support the claims set forth in EQMD's Complaint, Counts I – VII, due to the application of the *Noerr-Pennington* immunity doctrine;

    b.    Even if the Court declines to dismiss Plaintiff EQMD's Complaint based on the *Noerr-Pennington* immunity doctrine, each of EQMD's claims (Counts I – VII) are nonetheless subject to dismissal for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6) and/or lack of subject-matter jurisdiction under Rule 12(b)(1);

    c.    Dismiss Plaintiff EQMD's Complaint in its entirety and dismiss the Liberty Mutual Defendants with prejudice from this action; and

    d.    For such other and further relief as this Court deems just and proper.

<u>s/Stephen P. Brown</u>
Stephen P. Brown (P48847)
PLUNKETT COONEY
38505 Woodward Ave., Suite 100
Bloomfield Hills, MI  48304
(248) 901-4000
*Attorneys for Defendants*
*Liberty Mutual Fire Insurance Company;*
*Liberty Mutual General Insurance*
*Company; Liberty Mutual Insurance*
*Corporation; and Safeco Insurance*
*Company of Illinois*

Dated: February 25, 2020

## BRIEF IN SUPPORT
## OF THE LIBERTY MUTUAL DEFENDANTS'
## MOTION TO DISMISS BASED ON ITS JOINDER IN
## CO-DEFENDANT STATE FARM'S MOTION TO DISMISS PURSUANT TO
## FED. R. CIV. P. 12(b)(1) and 12(b)(6)

For its Brief in Support of its Motion to Dismiss Plaintiff EQMD, Inc.'s ("EQMD") Complaint for Declaratory and Other Relief ("Complaint"), the Liberty Mutual Defendants submit a Joinder in Co-Defendant State Farm Mutual Automobile Insurance Company's Brief in Support of its Motion to Dismiss EQMD's Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

First, all of EQMD's claims are barred by the *Noerr-Pennington* immunity doctrine: all of the conduct forming the basis of each of EQMD's claims is core petitioning of the government which is protected by the First Amendment. The Liberty Mutual Defendants join in State Farm's legal arguments and supporting authority (*see,* ECF No. 22, PageID. 788-790).

Second, even if Plaintiff EQMD's claims are not dismissed under the *Noerr-Pennington* immunity doctrine, each of EQMD's claims, Counts I – VII, are nonetheless subject to dismissal for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6) and/or lack of subject-matter jurisdiction under Rule 12(b)(1) as follows:

> ***Count I – "RICO" – 18 U.S.C. §1961 et. seq.*** – EQMD has not adequately pleaded the essential elements of its Racketeering Influences and Corrupt Organizations Act ("RICO") claim (Count I), 18 U.S.C. §1961 et

6

seq. Specifically, EQMD fails to allege an enterprise separate and apart from the supposed racketeering activity and fails to allege any cognizable predicate act. The Liberty Mutual Defendants join in State Farm's legal arguments and supporting authority (*see,* ECF No. 22, PageID. 791-796);

***Count II – 42 USC 1985 (3) – Conspiracy to Interfere with Civil Rights*** – EQMD fails to allege a plausible violation of 42 USC §1985(3), as it has not pleaded (and cannot plead) that it is a member of a protected class, that the supposed conspiracy is based on a discriminatory motive, that there is an underlying constitutional violation, or that there are facts sufficient to support its dubious allegations of a conspiracy. The Liberty Mutual Defendants join in State Farm's legal arguments and supporting authority (*see,* ECF No. 22, PageID. 796-800);

***Count III Declaratory Judgment – 28 USC § 2201(a)*** – EQMD's claim for declaratory relief under the Federal Declaratory Judgment Act ("FDJA") (Count III) should be dismissed because, after dismissal of Counts I and II, no plausible federal action supports federal question jurisdiction, nor is there diversity jurisdiction. Therefore, no subject matter jurisdiction exists to hear EQMD's claim under the FDJA. The Liberty Mutual Defendants join in State Farm's legal arguments and supporting authority (*see,* ECF No. 22, PageID. 800-803);

***Count IV – Injunction – FRCP 65 and Count V – Fraud Upon the Court*** – These "claims" are not independent causes of action. Moreover, to the extent EQMD might be entitled to any relief under a fraud-on-the-court theory, it must be brought in the court or courts where the alleged fraud occurred (i.e., in the Michigan state courts, according to EQMD's allegations). EQMD cannot assert such theory in a separate federal court action to collaterally attack a state court proceeding. The Liberty Mutual Defendants join in State Farm's legal arguments and supporting authority (*see,* ECF No. 22, PageID. 803-805);

***Count VI – Abuse of Process*** – EQMD's abuse of process claim fails to plead any plausible theory of relief because EQMD fails to adequately allege the two required elements: an ulterior purpose and an act in the use of the process which is improper in the regular prosecution of the

7

proceeding. The Liberty Mutual Defendants join in State Farm's legal arguments and supporting authority (*see,* ECF No. 22, PageID. 805-806);

***Count VII – General Civil Conspiracy*** – EQMD's general civil conspiracy claim fails as a matter of law because there is no valid underlying tort, a requirement of conspiracy claims under Michigan law. In addition, EQMD has failed to plead that the Defendant insurers acted with an illegal purpose. The Liberty Mutual Defendants join in State Farm's legal arguments and supporting authority (*see,* ECF No. 22, PageID. 806-807).

WHEREFORE, the Liberty Mutual Defendants respectfully request that this Court enter an Order as follows:

- a. Dismiss Plaintiff EQMD's Complaint as there is no legal basis to support the claims set forth in EQMD's Complaint, Counts I – VII, due to the application of the *Noerr-Pennington* immunity doctrine;

- b. Even if the Court declines to dismiss Plaintiff EQMD's Complaint based on the *Noerr-Pennington* immunity doctrine, each of EQMD's claims (Counts I – VII) are nonetheless subject to dismissal for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6) and/or lack of subject-matter jurisdiction under Rule 12(b)(1);

- c. Dismiss Plaintiff EQMD's Complaint in its entirety and dismiss the Liberty Mutual Defendants with prejudice from this action; and

- d. For such other and further relief as this Court deems just and proper.

8

## **CERTIFICATE OF SERVICE**

The undersigned certifies that copies of Defendants Liberty Mutual Fire Insurance Company, Liberty Mutual General Insurance Company, Liberty Mutual Insurance Corporation, and Safeco Insurance Company of Illinois' Motion to Dismiss Based on its Joinder in Co-Defendant State Farm's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) and Certificate of Service were served upon the following attorneys of record via the Court's electronic system on this 25th day of February, 2020:

| | |
|---|---|
| The Michigan Law Firm, PC<br>Racine M. Miller<br>2254 Cole Street, Suite B<br>Birmingham, MI 48009<br>racine@themichiganlawfirm.com<br>*Attorneys for Plaintiff* | Mark M. Sesi (P63105)<br>Katharine Gostek (P80973)<br>Kitch Drutchas Wagner<br>Valitutti & Sherbrook<br>10 South Main Street, Suite 200<br>Mt. Clemens, MI 48043-7903<br>Mark.sesi@kitch.com<br>Katharine.gostek@kitch.com<br>*Attorneys for Farm Bureau*<br><br>Gregory L. Curtner (P12414)<br>Matthew P. Kennison (P79653)<br>Riley Safer Holmes & Cancila LLP<br>121 W. Washington Street, Suite 402<br>Ann Arbor, MI 48104<br>gcurtner@rshc-law.com<br>mkennison@rshc-law.com<br>*Attorneys for State Farm* |

              *s/Stephen P. Brown*
              Stephen P. Brown (P48847)

Dated: February 25, 2020
Open.06856.00080.23674870-1