UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EQMD, INC.,

       Plaintiff,

v.

FARM BUREAU GENERAL
INSURANCE COMPANY OF
MICHIGAN, FARM BUREAU
MUTUAL INSURANCE COMPANY
OF MICHIGAN, LIBERTY MUTUAL
FIRE INSURANCE COMPANY,
LIBERTY MUTUAL INSURANCE
CORPORATION, SAFECO
INSURANCE COMPANY OF
ILLINOIS, STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,

       Defendants.
_____/

Case No. 19-13698

Stephanie Dawkins Davis
United States District Judge

**OPINION AND ORDER DENYING PLAINTIFF'S
MOTION FOR RECONSIDERATION OF
<u>DEFENDANTS' MOTION TO DISMISS (ECF NO. 73)</u>**

**I.   PROCEDURAL HISTORY**

On December 16, 2019, plaintiff, EQMD, Inc., filed this lawsuit, alleging that its services entitle it to personal protection insurance benefits under Michigan's No-Fault Act, Mich. Comp. Laws § 500.3157, and that defendants, several insurance companies, have conspired to rob EQMD of these benefits by falsely claiming in filings in Michigan state courts that EQMD has been operating

1

as an unlicensed pharmacy, thereby rendering it ineligible to recover benefits under the Act. (ECF No. 1). EQMD brought claims under the federal Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962 ("RICO") and 42 U.S.C. § 1985(3), and others, with additional state law claims for abuse of process and civil conspiracy. Defendants filed motions to dismiss EQMD's Complaint. (ECF Nos. 22, 25, 26). After briefing and a hearing on the motion, the court granted defendants' motions to dismiss. (ECF No. 71). Subsequently, EQMD timely filed the subject motion for reconsideration. (ECF No. 73). It also filed a Notice of Filing Supplemental Authority. (ECF No. 76). In compliance with the court's order, defendants filed responses to the motion for reconsideration. (ECF Nos. 80, 81, 82). For the reasons that follow, the court **DENIES** the motion for reconsideration.

## II. CONCURRENCE

Defendants point out that EQMD failed to make reasonable efforts to seek concurrence. Here, EQMD sent its request for concurrence in an email at 9:58 pm on Friday, March 19, 2021. (ECF No. 80-1, Ex. A). It then filed its motion for reconsideration at 11:52 pm that same evening. *Id*. The court similarly found a request for concurrence sent at 10:49 pm on a Friday evening, less than one hour ahead of the motion being filed, to be unreasonable. (ECF No. 71, PageID.4429). Despite EQMD's repeated failure to follow the local rule requiring reasonable

efforts to obtain concurrence, the court will consider the merits of this motion. However, any future failure to comply with the concurrence requirements of Local Rule 7.1 will result in such motion being stricken. The court may also consider sanctions.

### III.  LEGAL STANDARD

Local Rule 7.1(h) governs motions for reconsideration. At the time EQMD filed its motion, this rule provided as follows:

> Generally, and without restricting the Court's discretion, the Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. L.R. 7.1(h)(3).[1] A palpable defect is "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a

---

[1] Local Rule 7.1(h) as amended, effective December 1, 2021, provides in part:

> (1)  Final Orders and Judgments. Parties seeking reconsideration of final orders or judgments must file a motion under Federal Rule of Civil Procedure 59(e) or 60(b). The court will not grant reconsideration of such an order or judgment under this rule.
>
> (2)  Non-Final Orders. Motions for reconsideration of non-final orders are disfavored. They must be filed within 14 days after entry of the order and may be brought only upon the following grounds:

3

need to prevent manifest injustice." *Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 479, 496 (6th Cir. 2006). Similarly, relief is available under Fed. R. Civ. P. 60(b)(1), "when the judge has made a substantive mistake of law or fact in the final judgment or order. *Penney v. United States*, 870 F.3d 459, 461 (6th Cir. 2017) (quoting *United States v. Reyes*, 307 F.3d 451, 455 (6th Cir. 2002)). "A motion for reconsideration is not intended as a means to allow a losing party simply to rehash rejected arguments or to introduce new arguments." *Southfield Educ. Ass'n v. Bd. of Educ. of Southfield Pub. Schs.*, 319 F. Supp. 3d 898, 901 (E.D. Mich. 2018).

## IV. ANALYSIS

EQMD asks the court to reconsider two aspects of its opinion. First, it argues that the question of whether the sham exception to the *Noerr-Pennington* doctrine applies is a question of fact that should not be resolved at the motion to dismiss stage. (ECF No. 73, PageID.4438–44). And regardless, if the court finds that EQMD has not adequately pleaded the sham exception, EQMD argues that it

---

(A) The court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision;

(B) An intervening change in controlling law warrants a different outcome; or

(C) New facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision.

should be given the opportunity to amend its complaint. (*Id.* at PageID.4440–41). Second, it argues that the court should not have considered *Harbi v. State Farm Mutual Auto. Ins. Co.*, No. 352139, 2020 WL 7302375 (Mich. Ct. App. Dec. 10, 2020), in making its determination.

In its opinion, this court held that *Noerr-Pennington* immunity shields defendants from EQMD's RICO and § 1985 claims. (ECF No. 71, PageID.4409–14). The court also found that EQMD neither pleaded nor plausibly set forth that the "sham exception" to *Noerr-Pennington* immunity applies to strip defendants of such immunity. As the court noted, the Supreme Court has articulated a two-part test for determining when the sham exception applies in the context of litigation:

> First, the lawsuit must be objectively baseless in the sense that no reasonable litigant could realistically expect success on the merits. If an objective litigant could conclude that the suit is reasonably calculated to elicit a favorable outcome, the suit is immunized under *Noerr*, and an antitrust claim premised on the sham exception must fail. Only if challenged litigation is objectively meritless may a court examine the litigant's subjective motivation. Under this second part of our definition of sham, the court should focus on whether the baseless lawsuit conceals an attempt to interfere directly with the business relationships of a competitor, through the use of the governmental process—as opposed to the outcome of that process—as an anticompetitive weapon. This two-tiered process requires the plaintiff to disprove the challenged lawsuit's legal viability before the court will entertain evidence of the suit's economic viability.

*Prof. Real Estate Investors, Inc. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49, 60–61 (1993) (quotations and footnote omitted) (emphasis removed). This court ultimately found that the sham exception does not apply because EQMD never raised the exception in its Complaint and made no attempt to address the two-tier test, and because EQMD did not plausibly allege that defendants' state lawsuits were objectively baseless.

In its motion for reconsideration, EQMD argues that it meets the two-tier test, and, at the very least, that there are questions of fact that survive the motion to dismiss stage. It argues that defendants' state lawsuits are objectively baseless because EQMD "does not dispense medications or conduct any activities that would require a Michigan Public Health Code license"—contrary to what defendants have argued in state courts. (ECF No. 73, PageID.4441–42). It points to depositions attached to its Complaint and the fact that a Michigan Department of Licensing and Regulatory Affairs ("LARA") investigation cleared it to conduct its business without a license. It also argues that it makes a sufficient showing on the second tier of the test because defendants file motions in various state court cases where EQMD is a nonparty; they then try to keep EQMD from responding or intervening while also repeatedly requesting information from its clients. (*Id.* at PageID.4442–44). These arguments, however, do not undermine the court's conclusion that the state lawsuits are not objectively baseless.

To begin with, as noted in the court's opinion on the merits, while EQMD correctly identified the sham exception in its original response to defendants' motions to dismiss, it failed to apply the sham exception's two-tier test to its Complaint allegations in anything other than a skeletal manner. (ECF. No. 71, PageID.4416). The court underscored that "[i]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived," quoting *United States v. Fowler*, 819 F.3d 298, 309 (6th Cir. 2016). (*Id.*) While EQMD points out that it referenced both factors in its response (ECF No.73, PageID.4441 n.2), it admits that it "did not formally walk through factors one and two of the sham exception test." Because of this prior omission, it reasons that its motion for reconsideration "does not merely present the same issues that were previously before" the court. (*Id.* at PageID.4444). But this argument merely seeks to circumvent the rule. Failing to walk through the tiers in the first instance is, in fact, failing to put forth "some effort at developed argumentation." And to the extent that EQMD suggests that its argument is a new argument rather than the development of a previously skeletal one, this rationale fairs no better. "A motion for reconsideration is not intended as a means to allow a losing party . . . to introduce new arguments." *Saltmarshall v. VHS Children's Hosp. of Michigan*, 402 F. Supp. 3d 389, 393 (E.D. Mich. 2019); *see also Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) ("[P]arties should

not use [motions for reconsideration] to raise arguments which could, and should, have been made before judgment issued.") (quoting *FDIC v. World Univ. Inc.*, 978 F.2d 10, 16 (1st Cir. 1992)).

Even if not precluded as a new argument, EQMD's argument still fails. As to the objective prong of the sham exception, the Supreme Court has explained that "sham litigation must constitute the pursuit of claims so baseless that no reasonable litigant could realistically expect to secure favorable relief." *Prof. Real Estate Investors*, 508 U.S. at 62. It has also underscored that "[a] winning lawsuit is by definition a reasonable effort at petitioning for redress and therefore not a sham." *Id.* at 60 n.5. As the court noted in its opinion, EQMD has not shown a plausible basis to conclude that defendants' actions in state courts are objectively baseless because it acknowledged "that Defendants' motions have enjoyed repeated success in state court" and that "it has been wronged due to this repeated success." (ECF No. 71, PageID.4416). The court reaffirms this conclusion. Indeed, EQMD provides cases and briefing with its Complaint demonstrating defendants' repeated success. (*See e.g.*, ECF Nos. 1-2, 1-5, 1-6, 1-7, 1-8). Accordingly, the court did not previously, and will not now consider whether EQMD plausibly alleged that it satisfied the second tier of the sham exception, consistent with the Supreme Court's admonition that "[o]nly if challenged litigation is objectively meritless

8

may a court examine the litigant's subjective motivation." *Prof. Real Estate Investors*, 508 U.S. 60.

Next, EQMD now highlights a Michigan case involving claimant Teisha Jones in which the Wayne County Circuit Court entered an order on March 12, 2021 finding that Liberty Mutual's denial of her claim was unreasonable under Mich. Comp. Laws § 500.3148 and awarding EQMD $7,500 in attorney fees. (ECF No. 73, PageID.4443–44; ECF No. 75). On May 21, 2021, EQMD also provided additional information regarding those proceedings. (ECF No. 76). However, this argument is flawed.

First, consideration of the case is inappropriate at this stage. Although courts may reconsider their opinions where, for example, there is newly discovered evidence or an intervening change in controlling law, the "local rules encourage finality in opinions" and granting a motion for reconsideration is "an exception to the norm." *Castleberry v. Daimler Chrysler Truck Financial*, No. 10-11460, 2013 WL 1156498, at *2 (E.D. Mich. Mar. 20, 2013) (quoting *Maiberger v. City of Livonia*, 724 F. Supp. 2d 759 (E.D. Mich. 2010)). According to the transcript of the *Jones* hearing, EQMD was aware of the state court's judgment finding Liberty Mutual's denial of Jones's claim unreasonable on January 15, 2021—almost two months before this court issued its opinion. (ECF No. 76-2). Nevertheless, EQMD did not bring the decision to the court's attention until now. The court, therefore,

"declines to review [this] evidence which could have been submitted earlier, but was not." *Wilson-Bey v. Zak*, No. 05-71472, 2006 WL 2347410, at *2 (E.D. Mich. Aug. 11, 2006); *see also DaimlerChrysler Sers. N. Am., LLC v. Summit Nat'l. Inc.*, 144 F. App'x 542, 548 (6th Cir. 2005) (affirming trial court's decision to deny motion for reconsideration where "[t]he additional evidence before the court in connection with the motion to reconsider was all available to DaimlerChrysler at an earlier time").

EQMD also argues that whether the sham exception applies is a question of fact inappropriate to decide at the motion-to-dismiss stage, citing several cases in support. But while EQMD is correct that resolution of whether defendants' lawsuits and arguments in state court are objectively baseless would typically involve fact issues more appropriate for the fact finder, the court finds here that defendants' success in Michigan courts—with evidence provided by EQMD with its Complaint—establishes as a matter of law that that the sham exception does not apply. *See e.g.*, *Seiko Epson Corp. v. Glory South Software Mfg., Inc.*, No. 06-CV-477-BR, 2010 WL 256505, at *4 (D. Or. Jan. 19, 2010) ("Although the 'objective reasonableness' and 'subjective intent' of an actor would ordinarily require the resolution of fact issues, thereby precluding dismissal for failure to state a claim as a matter of law, the Court concludes in this case that Seiko Epson's success in asserting its rights to related patents before the ITC and on appeal to the Federal

10

Circuit establishes as a matter of law that the litigation efforts it has undertaken to protect its patent rights have been objectively reasonable."); *Mitsubishi Heavy Indus., Ltd. v. Gen. Co.*, 720 F. Supp. 2d 1061, 1069 (W.D. Ark. 2010) ("Even if Mitsubishi prevails in the infringement actions, if they are close, hard-fought cases, that fact could result in a finding, as a matter of law, that those actions were not objectively baseless, which would resolve this action."); *JPS Elastomerics Corp. v. Specialized Tech. Res., Inc.*, 769 F. Supp. 2d 17, 19 (D. Mass. 2011) (rejecting a sham exception at the motion to dismiss stage because the defendant's "state court litigation was triumphantly successful" and because "[a] litigant is not permitted, in the face of a loss in state court, to repeat the same basic allegations, gussied up now as evidence of a supposed 'sham,' and obtain a re-do in federal court."). Furthermore, courts in this circuit have found it appropriate to reject claims of a sham exception at the motion to dismiss stage when a plaintiff's allegations fail to plausibly support it. *See e.g.*, *Static Control Components, Inc. v. Lexmark Intern., Inc.*, 697 F.3d 387, 408 (6th Cir. 2012); *Melea Limited v. Quality Models Ltd.*, 345 F. Supp. 2d 743, 758 (E.D. Mich. 2004); *Audi AG and Volkswagen of Am., Inc. v. D'Amato*, 341 F. Supp. 2d 734, 759 n.7 (E.D. Mich. 2004). As a result, it was appropriate for the court to resolve this issue at the motion to dismiss stage.

      EQMD further contends that the court erred by not granting it leave to amend. The court notes that EQMD argued for leave to amend in its response to

defendants' motions to dismiss, but the court did not address it. (ECF No. 42, PageID.1401–02). The court will, therefore, address it now. Rule 15 "embodies a liberal amendment policy." *PR Diamonds, Inc. v. Chandler*, 364 F.3d 671, 698 (6th Cir. 2004). Generally, leave to amend is "freely given when justice so requires." Fed. R. Civ. P. 15(a). However, the court is not inclined to consider such an informal request, such as that made in response to the motion to dismiss, without a proposed amended complaint and complete briefing by the parties. "[A] bare request in an opposition to a motion to dismiss—without any indication of the particular grounds on which amendment is sought . . . does not constitute a motion within the contemplation of rule 15(a)." *La. Sch. Employees' Ret. Sys. v. Ernst & Young, LLP*, 622 F.3d 471, 486 (6th Cir. 2010) (Trial court properly denied informal request for leave to amend contained in opposition to motion to dismiss); *Bailey v. United States*, 2020 WL 2565318, at *5 (6th Cir. Feb. 28, 2020) (The plaintiff's informal request for leave to amend the complaint in his response to the motion for summary judgment was properly rejected by the trial court because it was not a formal motion for leave to amend.); *Begala v. PNC Bank, Ohio, Nat'l Ass'n*, 214 F.3d 776, 784 (6th Cir. 2000) (A request for leave to amend "almost as an aside, to the district court in a memorandum in opposition to the defendant's motion to dismiss is ... not a motion to amend."). This view is supported by the federal and local rules governing this court. *See* Fed. R. Civ. P. 7(b)(1) ("A

request for a court order must be made by motion."); E.D. Mich. LR 15.1 ("A party who moves to amend a pleading shall attach the proposed pleading to the motion."); E.D. Mich. LR-APP. ECF R 5(f) ("A complaint must not be combined with a motion for preliminary relief and a response or reply to a motion must not be combined with a counter-motion. Papers filed in violation of this rule will be stricken."). "[C]ourts have repeatedly held that an informal request for leave to amend raised only in response to a motion to dismiss is procedurally improper, and must be denied." *Moore v. TRW Auto. U.S. LLC*, 2019 WL 2414204, at *9 (E.D. Mich. Apr. 17, 2019), report and recommendation dismissed on other grounds, 2019 WL 2407992 (E.D. Mich. May 7, 2019) (quoting *United States v. Wayne State Univ.*, 2015 WL 400970, at *2 (E.D. Mich. Jan. 28, 2015)).

At the end of its response, EQMD requested that the court permit it to amend its Complaint if the court found that any counts were insufficiently pleaded. (ECF No. 42, PageID.1401–02). It did not file a motion to amend, nor did it provide a proposed amended complaint or reasons for the amendment. Under such circumstances, courts have routinely denied conditional requests for leave to amend. *See, e.g.*, *Kuyat v. BioMimetic Therapeutics, Inc.*, 747 F.3d 435, 444 (6th Cir. 2014) ("Both because the plaintiffs did not present an adequate motion and because they did not attach a copy of their amended complaint, the district court did not abuse its discretion in refusing to allow the plaintiffs to amend their

13

complaint based on the final sentence of the plaintiffs' memorandum in opposition."); *Moore*, 2019 WL 2421204, at *9; *Hoover v. Mich. Dep't of Licensing and Regulatory Affairs*, No. 19-cv-11656, 2020 WL 230136, at *11 (E.D. Mich. Jan. 15, 2020). And although the court did not provide reasons for not permitting EQMD to amend, the court "had no obligation to either grant [EQMD's] informal request to amend or explain why it took no action on this issue." *Gonzalez v. Kovacs*, 687 F. App'x 466, 470 (6th Cir. 2017). The court, therefore, did not err in not permitting EQMD to amend its Complaint.

Lastly, EQMD takes issue with what it characterizes as the court's reliance on *Harbi*. While EQMD already argued that this court should not consider *Harbi*, it now points out that it has filed an application for leave to appeal with the Michigan Supreme Court, seeking reversal of the Michigan Court of Appeals opinion. This court used *Harbi* to demonstrate that, contrary to EQMD's allegations, it had an opportunity to dispute defendants' arguments in state court as a party to a case, and to support the court's reasoning that the LARA investigation did not specifically find that EQMD did not require a license. (ECF No. 71, PageID.4418–21). The court did not rely on *Harbi* as binding precedent; rather, the court merely considered it as persuasive authority in reaching some of its conclusions. And regardless of whether the opinion is subject to a potential appeal, it is still true that the case itself shows that EQMD had an opportunity to dispute

14

defendants' arguments in state court. Moreover, even if *Harbi* were not considered, the court would still reach the same outcome as *Harbi* was not central to its reasoning, given that the outcome of the LARA investigation is evidenced by the decision attached to EQMD's complaint. (ECF No. 1-3).

## V.  CONCLUSION

For the reasons set forth in this opinion, EQMD's Motion for Reconsideration is **DENIED**.

**IT IS SO ORDERED**.

s/Stephanie Dawkins Davis
Stephanie Dawkins Davis
United States District Judge

Dated: March 31, 2022